UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES WARNER, JR.,

    Plaintiff,                                          Hon. Richard Alan Enslen

v.                                                    Case No. 1:04 CV 208

MONTCALM COUNTY JAIL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendant's Motion for Dismissal and/or Summary Judgment</u>. (Dkt. #13). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and Plaintiff's action dismissed.

## BACKGROUND

In his complaint, Plaintiff asserts that he was confined in the Montcalm County Jail for a period of 91 days, during which he was forced to sleep on a cement floor and was denied pain medication. Plaintiff initiated the present action, pursuant to 42 U.S.C. § 1983, against the Montcalm County Jail seeking one million dollars in damages for pain and suffering. Defendant filed the present motion seeking the dismissal of Plaintiff's complaint.

## **STANDARD**

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all Plaintiff's allegations and construe the complaint liberally in Plaintiff's favor.  *See Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000).  To survive a motion to dismiss, Plaintiff's complaint must allege facts, which if proved, would entitle him to relief.  *See Helfrich v. PNC Bank*, 267 F.3d 477, 480-81 (6th Cir. 2001) (citations omitted).

In reviewing a motion for summary judgment, the Court must confine itself to the narrow questions of whether there exist "no genuine issue[s] as to any material fact and [whether] the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  On a Rule 56 motion, the Court cannot try issues of fact, but is empowered to determine only whether there exist issues in dispute to be decided in a trial on the merits.  *See Perez v. Aetna Insurance Co.*, 96 F.3d 813, 819 (6th Cir. 1996); *Aiken v. The City of Memphis*, 37 F.3d 1155, 1161 (6th Cir. 1994).  The crux of the motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see also*, *Terry Barr Sales Agency v. All-Lock Co. Inc.*, 96 F.3d 813, 819 (6th Cir. 1996) (citing *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989)).

A motion for summary judgment requires the Court to view "inferences to be drawn from the underlying facts...in the light most favorable to the party opposing the motion."  *Matsushita Electric Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also*, *Terry Barr Sales Agency*, 96 F.3d at 819; *Schaffer v. A.O. Smith Harvestore Products, Inc.*, 74 F.3d 722, 727 (6th Cir. 1996).  The opponent, however, has the

burden to show that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine issue for trial.'" *Historic Preservation Guild of Bay View v. Burnley*, 896 F.2d 985, 993 (6th Cir. 1989) (quoting *Matsushita Electric Ind. Co.*, 475 U.S. at 587); *see also*, *Schaffer*, 74 F.3d at 727.

As the Sixth Circuit has recognized, the Supreme Court has encouraged the granting of summary judgments, as such may be "an appropriate avenue for the 'just, speedy and inexpensive determination' of a matter." *Kutrom v. City of Center Line*, 979 F.2d 1171, 1173 (6th Cir. 1992). Consistent with this concern for judicial economy, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient." *Anderson*, 477 U.S. at 252; *see also Bailey v. Floyd Board of Education*, 106 F.3d 135, 140 (6th Cir. 1997). Furthermore, mere allegations do not suffice. *See Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989) ("the party with the burden of proof at trial is obligated to provide concrete evidence supporting its claims and establishing the existence of a genuine issue of fact").

## ANALYSIS

**I.        Exhaustion**

Defendant asserts that because Plaintiff failed to properly grieve the claims asserted in his complaint, the present action must be dismissed. As discussed below, the Court finds that Plaintiff has properly exhausted all available administrative remedies in this matter.

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion requirement is mandatory and applies to

all actions "brought with respect to prison conditions," regardless of the wrong alleged or the type of relief sought. *Id.* To satisfy the exhaustion requirement, the prisoner must allege and demonstrate that he has exhausted all available administrative remedies. Accordingly, the prisoner should attach to his § 1983 complaint the administrative decision resolving his complaint, if such decision is available. *See Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been properly exhausted. *See Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

Defendant has submitted a copy of the Inmate Guide in effect during Plaintiff's incarceration in the Montcalm County Jail. (Sabin Affidavit at ¶ 15; Dkt. #14, Exhibit C). According to the Inmate Guide, a prisoner "may file a grievance by using a Montcalm County Jail Grievance Form." (Dkt. #14, Exhibit C). The Inmate Guide articulates the process by which any such grievance will be resolved. Specifically, the Inmate Guide provides that a grievance will be addressed in the first instance by the "Correction Officer." If the grievance is not resolved by the Correction Officer, a "Correction Sergeant" will attempt to resolve the grievance. If the grievance is not resolved at this level, the Correction Sergeant "will prepare a response and forward it to the Jail Administrator," who will review the matter and "give an answer to the inmate." While this policy provides that unresolved inmate grievances will be addressed at multiple levels of the jail hierarchy, the policy does not require the inmate to complete multiple grievance forms. In fact, the policy does not require the inmate to do anything other than submit the initial grievance on the Grievance Form.

Defendant asserts that because Plaintiff failed to complete the necessary Grievance Form, his complaint must be dismissed for failure to exhaust administrative remedies. Plaintiff

acknowledges that he failed to complete the necessary form.  (Dkt. #1).  He asserts that his numerous requests for a grievance form were denied.  *Id.*  Defendant has submitted, however, a copy of a handwritten grievance that Plaintiff submitted to jail officials on October 13, 2003.  (Dkt. #14, Exhibit E).

In this grievance Plaintiff asserts the same claims that he advances in the present action, namely that jail officials "left [him] on the floor in [a] holding cell" and refused to provide him with the necessary medication required by his various ailments.  This grievance is sufficient to put Defendant on notice regarding the claims asserted in Plaintiff's complaint.  As noted above, Plaintiff was not required to do anything beyond filing his initial grievance.  The Court concludes, therefore, that Plaintiff has properly exhausted his administrative remedies regarding the claims asserted in his complaint.

## II.        **Defendant is Entitled to Summary Judgment**

Plaintiff has sued the Montcalm County Jail.  The jail is simply a building, not an entity capable of being sued in its own right.  Construing Plaintiff's complaint liberally, the Court has assumed that Plaintiff intended to sue Montcalm County.  For the reasons discussed below, however, Montcalm County is entitled to summary judgment.

State governments and entities properly characterized as arms of the state are immune from suits for money damages under the Eleventh Amendment.  *See Alkire v. Irving*, 330 F.3d 802, 814 (6th Cir. 2003) (citation omitted).  However, unlike state government, local governments, municipalities, and counties are considered "persons" within the meaning of § 1983 and "may be

sued for constitutional deprivations." *Id.* (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)).

While counties are considered "persons" for purposes of § 1983 liability, counties are not liable for every misdeed of their employees and agents. Instead, municipal liability under § 1983 may only attach where the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of. *Graham v. County of Washtenaw*, 358 F.3d 377, 382 (6th Cir. 2004).

Accordingly, Plaintiff must establish the following elements: (1) that a constitutional violation occurred, and (2) that Defendant is responsible for that violation. *Id.* (citation omitted). With respect to the second element, Plaintiff must "identify the policy, connect the policy to [Defendant] itself and show that the particular injury was incurred because of the execution of that policy." *Id.* at 383 (citation omitted). Plaintiff must establish the existence of "a direct causal link" between the policy and the alleged constitutional violation "such that [Defendant's] 'deliberate conduct' can be deemed the 'moving force' behind the violation." *Id.* (citations omitted).

Plaintiff has failed to respond to Defendant's motion. In his complaint, Plaintiff has failed to identify any policy or custom which he alleges is responsible for (or in any way related to) the harm he allegedly suffered. Plaintiff has not submitted any other pleading addressing this particular issue. In sum, Plaintiff has failed to submit any evidence from which a reasonable person could conclude that the injuries he allegedly suffered were caused by any policy or custom of Montcalm County or the Montcalm County Jail. Accordingly, the Court concludes that Defendant is entitled to summary judgment as to Plaintiff's claims.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Dismissal and/or Summary Judgment, (dkt. #13), be granted and Plaintiff's action dismissed.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  June 3, 2005                                                 /s/ Ellen S. Carmody
                                                                    ELLEN S. CARMODY
                                                                    United States Magistrate Judge